IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GLENN STOLL,
    Plaintiff,

vs.                                             Case No. 3:06cv180/LAC/EMT

TERRY L. MARTIN, et al.
    Defendants.

_____/

**ORDER, REPORT AND RECOMMENDATION**

       This case is before the court upon Plaintiff's filing of a "Criminal Complaint, Affidavit and Brief of Information."[1]  Also pending is Plaintiff's motion to proceed in forma pauperis (Doc. 6), which shall be granted.

       Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id., 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  Id. at 327, 109

---

[1]The complaint and supporting documentation filed in this case is for all intents and purposes identical to the complaint filed in case 3:06cv179/MCR/MD.

S. Ct. at 1833; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); Williams v. Secretary for Department of Corrections, 2005 WL 1130351 (11th Cir. 2005) (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

      Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

      Plaintiff purports to bring this case on behalf of numerous Church Ministries and Members, as "Plaintiff/Relator/Victim" (Doc. 1 at 1). He sues Terry L. Martin, Kari Madrene Larson, Ricardo S. Martinez, John McKay, Eileen J. O'Connor, Mark Corallo, Alberto A. Gonzales, Jim Haley, Candace Heckman, Shauna Robinson, Scott M. Schneider, Chuck Evans, Marion Goyette, Martin Morris Shoemaker, John Sinclair, Candace Sinclair, Joe Quinn, Jeffrey Bruce Coopersmith, and Kenneth Lee Moberg, as well as "any unknown others" (*id.*). He states in the complaint that he accuses the Defendants of a criminal conspiracy to deprive rights under color of law in violation of the U.S. Constitution (*id.*). Through a series of checked boxes, Plaintiff indicates that he claims the Defendants subjected him to excessive use of force, maliciously clouding title, theft of property, mail fraud and threats by mail, as well as "other wrongs specified in the attached affidavit" (*id.*). He further claims that the commission, neglect, and refusal to prevent or aid in preventing the commission of such wrongful acts, constitutes deprivation of the free exercise and enjoyment of certain rights, privileges, and immunities that are secured and protected by the Constitution and laws of the United States (*id.*). Plaintiff represents that each Defendant is identified in the attached affidavit as to how he or she perpetrated crimes without excuse or justification and, in violation of

the items circled[2] (Doc. 1 at 1-2). Pages two and three of the complaint purport to be U.S. Constitutional precepts which have been simplified and coded (Doc. 1 at 2-3). Of the eighty listed precepts, Plaintiff has circled twenty-four of them (*id.*). Nothing in the complaint factually links the individual Defendants with wrongs allegedly perpetrated.

On the final page of his "Criminal Complaint" Plaintiff cites 18 U.S.C. §§ 241 and 242, which are, essentially the criminal counterparts to 42 U.S.C. § 1983 (Doc. 1 at 4). Plaintiff also purports to calculate the amount of fines due in this case, $10,000 per count in the complaint, times 24 counts, times 19 alleged conspirators, and thus seeks relief in the amount of $4,560,000.00 (*id.*).

Plaintiff's complaint fails to state a claim upon which relief can be granted under the criminal statutes 18 U.S.C. §§ 241 and 242, because a private citizen cannot initiate a federal criminal prosecution and because these statutes do not provide a private right of action for damages. Berry v. Florida, 2006 WL 1280987 (M.D. Fla. 2006) (section 242 does not create a private right of action); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 . . . These statutes do not give rise to a civil action for damages."); *see also*, Fundiller v. City of Cooper City, 578 F. Supp. 303, 306 (S.D. Fla. 1984) (no private right of action under 18 U.S.C. § 242), *rev'd. on other grounds*, 777 F.2d 1436 (11th Cir. 1985); Oth v. Thomas, 1997 WL 1037866 (S.D. Fla. 1997) (same); Richardson v. Kana, 2005 WL 3682496 (E.D. Va. 2005) (same) (citing Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (no citizen has a right to initiate a criminal prosecution); United States ex rel. $12,642.00 v. Commonwealth, 2:03cv724, 2003 WL 23710710, at *3 (E.D. Va. Dec.10, 2003) (plaintiff may not personally institute criminal proceedings or seek civil redress under these sections); Brambaugh v. Rehnquist, 2001 WL 376477 n.2 (N.D. Tex. 2001) (prosecution of criminal actions is solely within the discretion of the Attorney General) (citing United States v. Panza, 381 F. Supp. 1133-34 (W.D. Pa. 1974) (concluding that private citizens have no right to institute criminal prosecutions in federal court); Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under 18 U.S.C. § 242); United States ex rel. Savage v. Arnold, 403 F. Supp. 172 (E.D. Pa. 1975) (essential

---

[2]In fact, the attached affidavit states only that "the obvious facts establish that each of the 19 Obligated Parties I have named in my Criminal Complaint are guilty of *Conspiracy to Deprive Rights Under Color of Law*" (Doc. 1, Ex. 1 at 2).

role of government in the prosecution of criminal violations precludes complaint by private citizens and court may, sua sponte, refer private citizen's complaint to the U.S. attorney); Dixon v. State of Md. by Carter, 261 F. Supp. 746 (D.C. Md. 1966) (prisoner could not personally institute criminal proceeding against state and its officers for violation of his rights under color of law and should send any such complaint to U.S. attorney); The Confiscation Cases, 74 U.S. 454, 1868 WL 11169 (1868); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (criminal statute does not create private right of action); Young v. Herold, 2005 WL 1048117 (E.D. Ky. 2005) (private parties have no right to file criminal complaints under 18 U.S.C. §§ 241 and 242).  Although he frames his damages assessment in terms of a "fine," Plaintiff cannot recover civil damages for an alleged violation of the criminal statute.  Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984).

No citizen has a right to institute a criminal prosecution.  Linda R. v. Richard V., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also* Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (allowing a private individual to initiate a criminal prosecution would circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and indictment by a grand jury.).  This court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors.  *See* Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973) (United States Attorney has discretion over whether to prosecute in a particular case); Young v. Herold, 2005 WL 1048117 (E.D. Ky. 2005).  The criminal statutes cited by Plaintiff, 18 U.S.C. §§ 241 and 242, require specific intent to violate a right.  Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 335 n. 33, 113 S. Ct. 753, 794 n.33 (1993).  Because the complaint on its face is insufficient to establish probable cause, this court will decline to forward it to the office of the United States Attorney for review.  *Cf.* United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 173 (E.D. Pa. 1975).

Accordingly, it is **ORDERED**:

That Plaintiff's motion to proceed in forma pauperis (Doc. 6) is **GRANTED**.

Case No. 3:06cv180/LAC/EMT

And it is respectfully **RECOMMENDED**:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 12th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**